THE CITY OF BUFFALO, Plaintiff, *v.* OSCAR H. GIESECKE, Defendant.

City Court of Buffalo, Special Term, April 2, 1937.

Gregory U. Harmon, Corporation Counsel [Joseph A. Nicosia of counsel], for the plaintiff.

Montfort & Montfort [Stanley H. Montfort of counsel], for the defendant.

SUMMERS, J. The complaint of the city of Buffalo asks a judgment by reason of a tax levied on personal property owned by defendant.

The defendant moved to dismiss the complaint, alleging that it does not state a cause of action, in that the defendant is not personally liable for taxes levied upon personal property owned by him, that the only redress that the city has is to foreclose a lien against this personal property.

The defendant argues that inasmuch as section 3 of the Tax Law (prior to amendment by Laws of 1933, chap. 470) reads: " All personal property situated or owned within this State is taxable," the tax is only recoverable against the property and not by a personal judgment against the individual.

It is of interest to observe, without of course being binding as to legal force, that government would cease functioning if citizens took the position that the payment of taxes was not a personal duty. This practical interpretation placed on the law by our citizens who come forward and pay at least ninety per cent of the taxes in person, should, however, be a fact not without persuasive interest in the circumstances.

The defendant further argues that inasmuch as the non-residents, that is those who are without the jurisdiction, cannot be made personally liable because they are beyond the reach of the arm

of the court, that it should follow that no personal judgments could be obtained against any personal property owners who are within the jurisdiction. This same argument could be used against allowing a personal judgment against a resident of the jurisdiction under any circumstances, no matter what the obligation might be, because one who is without the jurisdiction of the court can never be made liable for a judgment in that court. In short, the argument comes to this: that because a court cannot function everywhere, it should function nowhere. To analyze this argument is to dissipate it.

The Charter of the City of Buffalo (Buffalo Local Laws of 1927, No. 4, printed in Local Laws of 1932, p. 21 *et seq.*), section 326 (as amd. by Laws of 1931, chap. 277), so far as it concerns us here, reads: " The city may recover by action the amount of every tax * * * from the persons liable to pay the same." The statute further goes on to supplement this relief by providing that the judgment so obtained will become a lien on the property taxed. But supplemental rights have always followed all sorts of personal judgments in our law. No one has ever contended, however, that the supplemental rights as to execution and other relief have ever destroyed the personal nature of the judgment.

Convenience itself argues for the interpretation sought by the city. Real property, being static, may have liens readily attached to it, but personal property, being by its very nature fleeting and transitory, merchantable without formality unless sequestered, makes a poor abiding place for a lien. The defendant, unless he is prepared to tender the *res* upon which he alleges the lien rests, can scarcely be heard to argue his contention. For, if he has disposed of the *res* without notice of the lien to his vendee, he would be liable over to the buyer, who could recover back from him any amount that he might be forced to pay to the city by reason of the lien against the goods. This would tend, of course, to a multiplicity of actions. If the defendant has converted the goods to his own use, he would be liable as the possessor of any other goods he converts when some one else has a lien upon them. It is apparent that the contention of the defendant would, if sustained, produce confusion, worst confounded, while the rule here approved, of simple personal liability, has the charm of simplicity and directness, elements not wholly undesirable in any legal system.

Let judgment be entered for the city.